## Johnson v. Commonwealth.

(Decided September 25, 1923.)

### Appeal from Fulton County.

1. Intoxicating Liquors—One Merely Transporting Money from Purchaser to Seller not Guilty of Aiding in Sale—"Accomplice."—If one without any interest in liquor, and without a desire to aid or assist the seller, merely transfers the money from the purchaser to the seller at the instance of the latter, he is not an "accomplice" in the sale, and cannot be held responsible therefor, under Acts 1922, chapter 33, unless there exists an understanding between him and the seller for him to act as a "go-between," and they adopt this course as a subterfuge or device to evade the law.

2. Intoxicating liquors—Whether Person Transferring Money Acted for Buyer or Seller for Jury.—In a prosecution for unlawfully selling intoxicating liquor, whether accused, who transferred money from the purchaser to the seller, represented the buyer or the seller, held for the jury.

3. Intoxicating Liqours—Instruction as to Aiding in Sale Held Erroneous.—In a prosecution for unlawful sale of intoxicating liquor, under Acts 1922, chapter 33, an instruction assuming that, if defendant accepted money from the purchaser and passed it to his son for the purpose of buying the liquor, this would constitute him an accomplice in the transaction, and directing the jury to find him guilty, if such facts existed, was erroneous.

W. J. WEBB and MOORE & STAHR for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This appeal is from a judgment of conviction of unlawfully selling intoxicating liquor. The only ground urged for a reversal is error of court in instructing the jury, and in failing to properly instruct the jury. The determination of this question requires a consideration of the evidence.

It appears that the prosecuting witnesses, Hunt and Erbe Brewer, were discussing the purchase of a dog with several persons, including the appellant and his son, Richard Johnson. Brewer suggested that he would like to get some whiskey; appellant said that he had had trouble enough with whiskey, but notwithstanding this Hunt gave him a dollar which he passed to his son. At

this time they were assembled around an automobile on the public road in the vicinity of defendant's home.

Upon receiving the money, young Johnson and one Goldman left and a short time afterward returned with the liquor, which they delivered to Hunt. The defendant admits this transaction, but denies all knowledge of the liquor or that he had any interest in it, or that he got anything out of it, though he does not explain why he handed the money to his son.

The indictment is based on the act of the General Assembly of 1922, known as the Rash-Gullion Act. (Acts 1922, page 109.) The provisions applicable thereto are as follows:

Section 1. "That it shall be unlawful to manufacture, sell, barter, give away, or keep for sale, or unlawfully have in possession or transport spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky."

Section 5. "Every person knowingly aiding or abetting any person, firm or corporation in the violation of any of the provisions of this act shall be deemed a principal and punished as such."

Section 11. "No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the purpose of this law."

To constitute guilt under these sections the defendant must have sold the liquor himself or by an agent, or have knowingly assisted the seller, or have had some pecuniary interest in the transaction. If without any interest in the liquor himself, and without a desire to aid or assist the seller he merely transferred the money from the purchaser to the seller, at the instance of the latter, he would not be an accomplice in the sale and could not be held responsible therefor. Of course if there was an understanding between him and the seller for him to act as a "go-between" and they adopted this course as a subterfuge or device to evade the law he would be guilty as an accomplice.

The language of the transaction was cryptic, but it is evident that the parties understood each other. The defendant protested that he had had trouble enough with whiskey, but without any apparent request he accepted Hunt's money and gave it to his own son, who it seems made his home with him, and who immediately left and in a short time returned with the liquor. It was a question

of fact for the jury as to whether he represented the buyer or seller, and the peremptory was properly overruled.

The first instruction reads:

"You are instructed that if you shall believe from the evidence beyond a reasonable doubt, that in Fulton county, Ky., and within twelve months before the 18th day of January, 1923, the date this indictment was found, that the parties, E. L. Bruer and Bill Hunt, mentioned in the indictment or either of them furnished money to the defendant, G. J. Johnson, with which to buy whiskey, in said county, and shall believe from evidence beyond a reasonable doubt that the defendant, Johnson, then and there delivered the money to his own son, or any person, for the purpose of procuring whiskey, and that said whiskey was bought with said money for said E. L. Bruer and Bill Hunt, and that same was intoxicating liquor, to-wit, whiskey, you will find the defendant guilty as charged in this indictment and fix his punishment at a fine of not less than $100.00 nor more than $300.00 within your discretion and confinement in the county jail for a period of not less than thirty nor more than sixty days within your discretion."

It will be observed that this instruction assumes that if defendant accepted the money and passed it to his son for the purpose of buying the liquor that this would constitute him an accomplice in the transaction, and directs the jury to find him guilty if such facts existed. For the reasons indicated above this was erroneous and necessitates a reversal of the case. In another trial in lieu thereof, if the evidence is the same, the court will submit to the jury the issues indicated above.

Wherefore the case is reversed and cause remanded for proceedings consistent with this opinion.